ROBERT T. FORD, PLAINTIFF, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, DEFENDANT.

*Chap.* 80, *Laws of* 1870 — *power of supervisors to lease armories — ratification of lease.*

The board of supervisors cannot lease buildings for armories simply because, in their opinion, they will sooner or later be needed for the use of some one or more of the regiments of the county. No power to make such leases exists, except upon compliance with all the requirements of section 120 of the military code.

Occupancy of premises so leased, by one of the regiments of the national guard, and payment of rent from time to time by the officers of the city, cannot be treated as a ratification of a lease made without authority.

MOTION for judgment on a verdict ordered by the court, subject to the opinion of the court at General Term.

*W. H. Townley*, for the plaintiff.

*James C. Carter*, for the defendant.

DAVIS, P. J.:

In the case of Fallon against these defendants (argued at the present term), we have considered the effect of section 2 of chapter 758 of the Laws of 1873, and have come to the conclusion that nothing contained in that section prevents the defendants from contesting the validity of a lease in an action brought for rent accruing subsequently to the passage of that act. * No question of fraud is made in this case. It stands upon undisputed facts, and the only question it presents, is, whether the board of supervisors had power to make leases of buildings for armories and drill rooms, *generally*, and in anticipation of the wants of the regiments or military companies of the county, and without regard to the requirements of section 120 of the military code. (Laws of 1870, chap. 80, vol. 1, pp. 217, 248.) The lease on which this action is brought, was made on or about the 19th day of September, 1872, for the term of ten years and seven months from the 1st day of October, 1872, at an annual rent of $24,000.

Its only basis, as a professed compliance with the requirement of the act under which the authority to make such leases is derived, is to be found in a resolution passed by the board of supervisors on the 19th day of September, 1872. That resolution is an instruction to the clerk of the board to execute a lease of the premises " to be for the purpose of armories and drill rooms ; " and it is based upon the report of a committee, that the building is suitable for the purposes, and can be leased, if obtained immediately, on very advantageous terms to the county.

The report states, also, that " the sixth regiment must have an armory forthwith, as the lease of the building known as Tammany Hall has been canceled, and the said regiment will be compelled

---

* *Vide* opinion in Fallon v. The Mayor, *ante*, p. 583.

to vacate. Other portions of the militia have pressing needs of new or additional accommodation."

The lease was not, however, made for the sixth regiment, nor for any regiment in particular, but upon the opinion of the committee and the board that it would be wanted for some regiment. It was attempted to uphold the lease, by showing that the twelfth regiment had, in October, 1862, made application by the captains of its respective companies, in compliance with the statute then existing, for an armory and drill room, and that that regiment subsequently occupied a portion of the premises.

It appeared, however, that at the time of making the lease, in September, 1872, the twelfth regiment was in occupancy of other premises, leased by the county for its use for a term of five years from the 1st day of May, 1870, and that on the 19th day of December, 1872, a resolution was adopted by the board of supervisors, accepting a proposition of the lessor of those premises to cancel the lease on payment of rent up to May, 1873 ; and thereupon the lease was soon after canceled, and the said twelfth regiment was transferred to the premises leased of plaintiff.

There seems to be nothing in these facts to support the power to make the lease in question, unless it be found in the fact that some months after this lease was executed, it became convenient to put it into the occupancy of the twelfth regiment, which, having lost its former armory by a cancellation of the lease, was entitled to have another armory provided by the county. The creation of that exigency by the cancellation of an existing lease, did not, by retroactive sanction, give validity to the lease made some two months before. The case upon this point comes right down to the naked question : Had the supervisors power to lease the premises of plaintiff without any compliance with the requirements of section 120 of the military code, because the board was of opinion that they would sooner or later be needed for the use of some one or more of the regiments of the county ? In our opinion, this question must be answered in the negative. Occupancy by the twelfth regiment, and payment of rent from time to time by the officers of the city, cannot be treated as a ratification of a lease made without authority. To apply that rule to such case is to strip the defendants of all ability to defend themselves against acts of public officers

in excess of lawful authority. We are of opinion that the defendants are entitled to judgment.

DANIELS, J., concurred.

BRADY, J.:

The twelfth regiment applied for an armory, in compliance with the law thereunto relating at the time of the application, and one was provided. They were subsequently transferred to the armory occupied by them referred to in the complaint herein, and to recover the rent of which this action was brought. It is not pretended that any application was made under the provisions of the act of 1870, but the plaintiff relies upon the original application and its continuing force, as an authority to transfer them to any armory provided by the board of supervisors. It has, he claims, in other words, a retrospective effect, and so long as they present the necessary constituents of a regiment, the use of an' armory by them must be regarded as an occupancy under and by virtue of the application duly and legally made, and therefore a legal and binding one upon the city. I think this question is evolved from the facts and circumstances of this case, and is to be met. Upon the view taken by my brethren, however, assuming it to present the controlling question involved on this appeal, I concur with them.

Judgment ordered for defendant on the verdict.